UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMPS INSTITUTE, LLC and
NICHOLAS INVESTMENTS, LLC,

    Plaintiffs,

                                            Civil No. 07-14394
                                            Hon. John Feikens

    v.

MMG II, LLC, and LTB II, LLC,
d/b/a Loan Toolbox,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiffs CMPS Institute, LLC ("CMPS") and Nicholas Investments, LLC ("Nicholas") originally filed this suit against Defendants MMG II, LLC ("MMG II") and LTB II, LLC ("Loan Toolbox") in Washtenaw County Circuit Court, alleging claims for violations of an operating agreement, violations of the Michigan Limited Liability Company Act, tortious interference with contractual and business relations, misappropriation of trade secrets, and unjust enrichment. Defendants removed the case to federal court on diversity grounds, and Plaintiffs have brought a motion to remand. For the reasons set forth below, I GRANT Plaintiffs' motion and remand this case back to Washtenaw County Circuit Court.

**I. Procedural and Factual Background**

CMPS is a Michigan limited liability company ("LLC") with its principal place of

1

business in Ann Arbor Michigan. CMPS offers training, certification and an ongoing membership program for financial professionals who provide mortgage and real estate equity advice. It was founded in 2005 by Nicholas and Mortgage Market Guide ("MMG"), each of which possessed a 50 % member interest. MMG sold its interest in CMPS to Defendant MMG II. MMG II is a subsidiary of United Communications Group, Limited Partnership ("UCG"). UCG is also the parent company of Loan Toolbox, a company that allegedly competes in the same market as CMPS.

CMPS and Nicholas filed this suit in Washtenaw County Circuit Court alleging claims against MMG II and Loan Toolbox for violations of an operating agreement, violations of the Michigan Limited Liability Company Act, tortious interference with contractual and business relations, misappropriation of trade secrets, and unjust enrichment. The claims arise largely from allegations that MMG II used its 50% member interest to intentionally damage CMPS in order to benefit MMG II's sister company and CMPS's competitor, Loan Toolbox. Defendants MMG II and Loan Toolbox removed this action to federal court on diversity grounds and Plaintiffs filed a motion to remand, alleging that there is not complete diversity of citizenship.

## II. Analysis

For a federal court to have subject matter jurisdiction over an action based on diversity jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC., 176 F.3d 904, 907 (6th Cir. 1999) (citing U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 995 F.2d 1085, 1089 (6th Cir. 1992).

The Supreme Court has not directly addressed the issue of how district courts are to determine the citizenship of LLCs. The Sixth Circuit has not issued a published opinion on this question but did hold, in an unpublished opinion, that an LLC has the citizenship of its members. Homfeld II, LLC. v. Comair Holdings, Inc., 53 Fed. Apex. 731, 733 (6th Cir. 2002) (unpublished). This unpublished opinion has led a number of Courts in the Eastern District of Michigan to adopt this method of determining the citizenship of LLCs. See e.g., Vericorr Packaging, LLC v. Osiris Innovations Group, LLC, 501 F. Supp. 2d 989, 990 (E.D. Mich. 2007, J. Lawson); Delphi Auto Sys., LLC v. Segway Inc., 2007 WL 3036736, 2 (E.D. Mich 2007, J. Duggan); Axiom Partners, LLC v. Klauser, 2007 WL 405731, 1 (E.D. Mich. 2007, J. Zatkoff).

In addition, the First, Second, Fourth, Seventh, Eighth, Ninth and Eleventh Circuit Courts of Appeals have all held in published opinions that the citizenship of an LLC is determined by looking to the citizenship of its members. See Vericorr, 501 F. Supp. 2d at 991-992 (citations omitted). This approach also appears to be in harmony with Michigan law. The Michigan Limited Liability Company Act defines a limited liability company as an "unincorporated membership organization." M.L.C. § 450. 4102 (K). This definition likely groups LLCs with other unincorporated associations that have the citizenship of their members. Certain Interested Underwriters at Lloyd's, London v. Layne, 26 F.3d 39, 41 (6th Cir. 1994) ("an unincorporated association, such as a labor union or a partnership, has no separate legal identity so its citizenship, at least for purposes of diversity jurisdiction, is the citizenship of each of its members.").

Defendants argue that there is not binding authority on this issue and cite a Sixth Circuit case to support their contention that some courts use the corporate entity test by looking to an

LLC's state of formation and principal place of business to determine its citizenship. Kalamazoo Acquisitions, LLC, v. Westfield Ins. Co., Inc., 395 F.3d 338, 341, n.5 ("Invoking diversity jurisdiction, Westfield timely removed the case to the district court...(n.5) Westfield is an Ohio corporation, licensed to issue insurance in Michigan. Kalamazoo is a Michigan limited liability company, with its principal place of business in Michigan.").

Defendants also offer a number of policy reasons for using the corporate entity test. They argue that allowing courts to simply look at an LLC's state of formation and principal place of business is much more efficient than requiring them to investigate the citizenship of each of an LLC's individual members. Not only do many LLCs have large numbers of members, but some LLCs have members that are LLCs in their own rights, compelling courts to perform complex multiple-leveled inquiries. Additionally, Defendants argue that giving LLCs the citizenship of their members unfairly limits their access to federal court and often deprives them of the opportunity to litigate in a neutral forum. The action at hand provides a striking example. Using the membership approach to determining the citizenship of LLCs deprives this Court of diversity jurisdiction, leaving two LLCs with few direct ties to Michigan to litigate in Washtenaw County Circuit Court against two Michigan LLCs that are based in Washtenaw County. Defendants argue that this result runs counter to a primary purpose of diversity jurisdiction.

Although I find their policy arguments very persuasive, Defendants' legal arguments are tenuous at best. In Kalamazoo Acquisitions, the Sixth Circuit does mention an LLC's state of formation and principal place of business but does not state that it relied on that information, rather than the citizenship of the LLC's members, to decide whether there was diversity

jurisdiction. See Id. Although Kalamazoo Acquisitions leaves the door ajar for Defendants' argument, especially in light of the Sixth Circuit's failure to publish an opinion clarifying the issue, an overwhelming number of persuasive authorities points squarely to the conclusion that for diversity purposes an LLC has the citizenship of each of its members. Although I believe that the entity test would be a more efficient and equitable means of determining an LLC's citizenship for diversity purposes, the law dictates that the citizenship of an LLC be based on the citizenship of its members.

In this action, each of the four parties is an LLC. Ordinarily, I would be required to examine the citizenship of each parties' members to determine where the parties are citizens. In this action, however, CMPS, an LLC, has brought suit against one of its members, MMG II. Because an LLC has the citizenship of its members, CMPS and MMG II are necessarily citizens of the same states. Because Plaintiff CMPS and Defendant MMG II are citizens of the same states, there is not complete diversity.

### III. Conclusion

Because there is not complete diversity of citizenship, I GRANT Plaintiffs' motion and remand this action back to Washtenaw County Circuit Court.

**IT IS SO ORDERED.**


Date:   November 19, 2007            s/John Feikens
                                     United States District Judge

5

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on November 19, 2007, by U.S. first class mail or electronic means.

                          s/Carol Cohron
                          Case Manager